MONROE *v.* SAUERS.

1. QUIETING TITLE—PARTIES—PROCEEDING AGAINST DECEASED AND UNKNOWN HEIRS.

Under 3 Comp. Laws 1915, § 12371, where deceased had died more than 18 months before bill to quiet title was filed against deceased and his unknown heirs, devisees, legatees, and assigns, the proceeding must be treated as though deceased had not been so named, and as though it had been commenced against the unknown heirs of deceased.

---

On validity and effect of a judgment against parties designated in an action as unknown, see annotation in L. R. A. 1918F, 609.

2. Same—Heirs Bound by Judgment.

   The heirs of a named person are bound by a judgment in an action to quiet title against said person and his unknown heirs, commenced long after the ancestor's decease; proceeding being treated as though ancestor's name had been omitted therefrom.

3. Same—Decree Final After Three Years.

   Although the court, under 3 Comp. Laws 1915, § 12376, might have reopened the case and granted rehearing had petition therefor been presented within three years after entry of decree in suit to quiet title against deceased and his unknown heirs, under 3 Comp. Laws 1915, § 12371, it could not be reopened for any of the defendants, even though they did not have actual notice, where more. than three years had elapsed after entry of decree before petition was presented.

Appeal from Oakland; Covert (Frank L.), J. Submitted January 7, 1930. (Docket No. 5, Calendar No. 34,666.) Decided March 7, 1930.

Bill to quiet title by Harry A. Monroe against John E. Sauers and others. Decree for plaintiff. Petition by defendant Raymond L. Dick, administrator of estate of John E. Sauers, and others to set aside decree for lack of service. From denial of petition, defendants appeal. Affirmed.

*Moore & Wilson,* for plaintiff.

*George B. Hartrick,* for defendants.

Clark, J. On August 3, 1923, this bill to quiet title was filed pursuant to 3 Comp. Laws 1915, § 12371, providing of suits in chancery against unknown heirs, etc. Among others it was filed against John E. Sauers or his unknown heirs, devisees, legatees, and assigns, the allegations in this respect being in accordance with the statute. Order of ap-

pearance, publication, and default followed, and decree was entered April 28, 1924.

On November 30, 1928, the widow of John E. Sauers, his two daughters, and the administrator of his estate filed petition in the cause, tendered answer, and prayed that the decree be vacated and they admitted to answer and defend. The petition was denied, and they have appealed.

It is contended that as John E. Sauers was named a defendant he should have been served personally or substituted service had upon him as provided by 3 Comp. Laws 1915, §§ 12449 to 12452, as required by 3 Comp. Laws 1915, § 12376. In this regard it should be noted that section 12452 was amended by Act No. 234, Pub. Acts 1919. Admittedly John E. Sauers died more than 18 months before the bill was filed, but it is argued that, as he was named a defendant, a copy of the order of appearance should have been mailed to his last known postoffice address.

Passing a possible answer afforded by the statute itself, on petitioners' own theory of the law the proceeding would have to be treated as though Mr. Sauers had not been so named and as though the proceeding had been commenced against the unknown heirs of John E. Sauers. 3 Comp. Laws 1915, § 12371. See *Organ* v. *Bunnell* (Mo. Sup.), 184 S. W. 102.

From note L. R. A. 1918 F, 624, we quote following:

"The heirs of a named person are bound by a judgment in an action against the person and his unknown heirs, commenced long after the ancestor's decease; such a proceeding will be treated as though the ancestor's name had been omitted therefrom."

It must be held the court had jurisdiction to make decree.

Under 3 Comp. Laws 1915, § 12376, the court might have reopened the case and granted rehearing if the petition has been presented within three years after entry of the decree. As more than three years had elapsed when the petition was filed, "the matter cannot be reopened for any of the defendants, even though they did not have actual notice," quoting from *Delnay* v. *Woodruff*, 244 Mich. 456. ·

Nothing else requires discussion.

Affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.